IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES DIFRANCO, Plaintiff, vs. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | CASE NO. 1:24-cv-437 DISTRICT JUDGE SARA LIOI MAGISTRATE JUDGE JAMES E. GRIMES JR. **REPORT & RECOMMENDATION** |

An Administrative Law Judge (ALJ) found that Plaintiff Michael DiFranco, who had been awarded Disability Insurance Benefits in 2009, was no longer disabled. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied DiFranco's request to review the ALJ's decision. DiFranco, who is represented by counsel, sought judicial review of the Commissioner's decision, and the Court referred this case to me under Local Rule 72.2 for the preparation of a report and recommendation.

On March 8, 2014, I issued a briefing order instructing DiFranco to file his merits brief within 45 days after the Commissioner filed the transcript. Doc. 4, at 2; *see also* Local Rule 16.3.1(e)(1). The Order warned that if the plaintiff failed to file his brief within the prescribed time, and a motion for

extension hadn't been granted, "the case may be dismissed for want of prosecution without further notice." Doc. 4, at 2.

DiFranco's brief was due on June 17, 2024, but he did not file his brief or request an extension of time to do so. On June 21, I notified DiFranco that he didn't comply with the Court's briefing order and ordered him to file his brief by the close of business on June 24. That was two days ago, and DiFranco still hasn't filed his brief or requested an extension of time to do so.

If a plaintiff doesn't prosecute an action, a district court can dismiss the case under the court's inherent power to control its docket or as an involuntarily dismissal under Fed. R. Civ. P. 41(b). *Link v. Wasbash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568, at *3 (6th Cir. 1990) (table); *see also Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).

Courts consider four factors to determine whether a case should be dismissed for the failure to prosecute under Fed. R. Civ. P. 41(b): whether (1) the plaintiff's failure is due to "willfulness, bad faith, or fault"; (2) the other side was prejudiced by the plaintiff's conduct; (3) the plaintiff was warned that

2

his failure to cooperate could lead to dismissal; and (4) the court imposed or considered less drastic sanctions before ordering dismissal. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

As to the first factor, DiFranco didn't file a brief even though the Court alerted him that his brief was overdue and told him to file it. *See Order*, filed 6/21/2024. For the second factor, the Commissioner of Social Security is required to defend DiFranco's Complaint, and he filed the Administrative Record. Doc. 6. For the third factor, I warned DiFranco that his failure to file his brief could lead to dismissal.[1] Doc. 4, at 2. And fourth, the Court needs briefing to adjudicate this case. So a less drastic sanction would not be effective.

I recommend that DiFranco's case be dismissed, without prejudice, under Fed. R. Civ. P. 41(b) for DiFranco's failure to prosecute.

Dated: June 26, 2024

                                                   */s/ James E. Grimes Jr.*
                                                   James E. Grimes Jr.
                                                   U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).

---

[1] This is not the first time that DiFranco's counsels' office has missed a briefing deadline. *See, e.g.*, Case Nos. 1:24-cv-307, 1:23-cv-334, 5:22-cv-1018.